UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY G. SMITH, #251105,

    Plaintiff,

v.

CASE NO. 2:10-CV-10363
HONORABLE PATRICK J. DUGGAN

MICHIGAN PAROLE BOARD
CHAIRMAN BARBARA SAMPSON,
MICHIGAN PAROLE BOARD MEMBERS
JODI DEANGELO, LAURIN THOMAS,
MIGUEL BERRIOS, and CHARLES BROWN,
GENESEE COUNTY SHERIFF ROBERT
PICKELL, and GENESEE COUNTY
PAROLE AGENT DEBORAH YANKEE-
BEDNARSK,

    Defendants.
_____/

## OPINION & ORDER OF SUMMARY DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 3, 2010.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff Timothy Smith has filed a pro se civil rights complaint against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff challenges the Michigan Parole Board's revocation

of his parole and/or subsequent decision(s) to deny him release on parole. Plaintiff claims that Genesee County Parole Agent Deborah Yankee-Benarsk submitted a parole revocation report containing false information, that Genesee County Sheriff Robert Pickell submitted a misleading letter requesting that parole release be denied, and that Michigan Parole Board Chairman Barbara Sampson and Michigan Parole Board Members Jodi DeAngelo, Laurin Thomas, Miguel Berrios, and Charles Brown relied upon such inaccurate information in revoking his parole and then later denying him release on parole. Plaintiff seeks injunctive relief, monetary damages, and other appropriate relief.

## I.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court similarly is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or fact. *Denton v.*

*Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831 (1989).

**II.**

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S. Ct. 1729, 1733 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded pro se plaintiffs, the Court finds that Plaintiff's complaint is subject to dismissal under 42 U.S.C. § 1997e and 28 U.S.C. §§ 1915(e)(2)(b) and 1915A for failure to state a claim upon which relief may be granted and on the basis of immunity.

**A.**

A claim under § 1983 is an appropriate remedy for prisoners challenging the conditions of their imprisonment. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827, 1841 (1973). It is not, however, an appropriate avenue for prisoners asserting claims concerning the validity of their continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction of imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and

unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248 (2005).

In his complaint, Plaintiff appears to be challenging his 2007 parole revocation, claiming that his parole agent submitted a report containing false information and that the parole board relied upon inaccurate information to revoke his parole. Ruling on Plaintiff's claims would necessarily imply the invalidity of his parole revocation (which has not been overturned or otherwise declared invalid) and his current confinement.[1] Therefore, these claims must be dismissed.

The Court notes that a state prisoner may maintain a § 1983 action for procedural challenges to a parole hearing where success in the action would not necessarily call for an immediate or speedier release from custody. *Wilkinson*, 544 U.S. at 81-82, 125 S. Ct. at 1248.; *see also Thomas v. Eby*, 481 F.3d 434, 439-40 (6th Cir. 2007). However,

---

[1] Even assuming that Plaintiff could bring a § 1983 against one or more of the defendants for providing false information and/or relying upon such information during the parole revocation process, he has failed to allege any facts to show that the parole agent intentionally provided information which was actually false, or that any inaccuracies contributed to the parole board's decision. Conclusory allegations are insufficient to state a civil rights claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). Plaintiff has thus failed to state a claim upon which relief may be granted under § 1983.

4

Plaintiff's false and inaccurate information claims go to the propriety of the parole revocation decision itself such that ruling on those claims in Plaintiff's favor would necessarily demonstrate the invalidity of his incarceration.

Plaintiff also asserts that he was improperly denied parole in 2009 because the parole board continued to rely on the allegedly false information contained in the parole agent's report and also considered a false and misleading letter submitted by the county sheriff. To the extent that Plaintiff contests the parole denial decision and seeks release on parole, such claims go to the propriety of the parole denial itself and ruling on those claims in Plaintiff's favor would demonstrate the invalidity of his continued confinement. Such claims are barred by *Heck*. *See supra*.

With regard to the parole denial, however, Plaintiff does not solely seek release from prison. Instead, he requests a new parole hearing and/or that the parole board not be allowed to rely on the allegedly false or inaccurate information in future proceedings. Because Plaintiff does not seek immediate release from prison, it appears that such claims may be brought in a § 1983 action and are not barred by *Heck*. *See Wilkinson*, 544 U.S. at 82, 125 S. Ct. at 1248; *Thomas*, 481 F.3d at 439-40. These claims, however, are otherwise subject to dismissal for failure to state a claim upon which relief may be granted.

Petitioner asserts that his Fourteenth Amendment due process rights are violated when the parole board relies on false information to deny him parole. The Fourteenth Amendment provides in part: "nor shall any State deprive any person of life, liberty, or

5

property, without due process of law." U.S. Const. amend. XIV. As the Supreme Court has explained, the Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S. Ct. 2963, 2975 (1974).

The United States Supreme Court has definitively held that there is no right under the United States Constitution of a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *see also Michael v. Ghee*, 498 F.3d 372, 377-378 (6th Cir. 2007) (quoting *Swihart v. Wilkinson*, 209 F. App'x 456, 458-59 (6th Cir. 2006)). While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a State's laws that is subject to constitutional protection. *Thompson*, 490 U.S. at 460, 109 S. Ct. at 1908 (citing *Hewitt v. Helms*, 459 U.S. 460, 466, 103 S. Ct. 864, 868 (1983)).

A State does not have a constitutional duty to establish a parole system, and the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *See Greenholtz,* 442 U.S. at 7, 11, 99 S. Ct. at 2104, 2105; *see also Bd. of Pardons v. Allen*, 482 U.S. 369, 373, 107 S. Ct. 2415, 2418 (1987). Rather, a protected liberty interest exists only if a State's laws entitle a prisoner to release on parole.

Recognizing the "broad powers" of Michigan authorities to deny parole, the Sixth Circuit Court of Appeals has specifically held that Michigan law does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc); *see also Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004) (following *Sweeton*). The Michigan Supreme Court also has held that there is no liberty interest in parole in Michigan. *See Glover v. Mich. Parole Bd.*, 460 Mich. 511, 596 N.W.2d 598, 603-04 (Mich. 1999). Consequently, any denial of parole, even if erroneous or based upon inaccurate information, implicates no federal right. *See Caldwell v. McNutt*, 158 F. App'x 739, 740-41 (6th Cir. 2006) (stating that "even if the Parole Board relied on inaccurate information to deny [the petitioner] parole, it did not violate any liberty interest protected by the United States Constitution" and affirming dismissal of similar claim); *Echlin v. Boland*, 111 F. App'x 415, 417 (6th Cir. 2004) (ruling that a Michigan prisoner could not bring a § 1983 action to challenge information provided or considered by the parole board). Therefore, Plaintiff fails to state a claim for a violation of his procedural due process rights. His civil rights claims concerning parole therefore must be dismissed.

**B.**

Additionally, the Court finds that Plaintiff's claims against certain defendants for monetary damages are subject to dismissal on the basis of immunity. To the extent that the parole board defendants are sued in their official capacities for damages, they are entitled to Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71, 109 S. Ct. 2304, 2309-2312 (1989). To the extent that the parole

7

board defendants are sued in their individual capacities for damages, they are entitled to absolute immunity for the exercise of their decision making powers in parole cases. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (unpublished opinion) (citing *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990)); *accord Brown v. California Dept. of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009). Parole board members exercise their decision making powers even if, when deciding whether to grant or deny parole, "[they] make[ ] an unconstitutional or unlawful decision." *Mayorga v. Missouri*, 442 F.3d 1128, 1131 (8th Cir. 2006) (quoting *Patterson v. Von Riesen*, 999 F.2d 1235, 1239 (8th Cir. 1993)). Plaintiff's claims for damages against the parole board defendants, in their official and individual capacities, therefore must be dismissed.

The parole agent also is entitled to absolute immunity on Plaintiff's claim for damages for her conduct in preparing a report, testifying, and/or making a parole recommendation. *See Horton*, 137 F. App'x at 775 (citing *Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994); *Turner v. Barry*, 856 F.2d 1539, 1540-41 (D.C. Cir. 1988)); *accord Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005). Plaintiff's claims for monetary damages against the parole agent therefore must also be dismissed.

## III.

For the reasons stated, the Court concludes that Plaintiff fails to state a claim against Defendants upon which relief may be granted and that the parole board and parole

agent defendants are entitled to absolute immunity on Plaintiff's claims for damages.[2] The Court further concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Accordingly,

**IT IS ORDERED**, that Plaintiff's complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for process service is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that Plaintiff's Motion for Leave to File an Amended Complaint is **DENIED**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copy to:
Timothy G. Smith, #251105
3500 N. Elm Road
Jackson, MI  49201

---

[2] On March 1, 2010, Plaintiff filed a Motion for Leave to File an Amended Complaint in order to add David Witter, the parole agent's supervisor, as a defendant. Plaintiff alleges in his motion that David Witter violated his due process rights by allowing the parole agent to submit erroneous information in her report. Because Plaintiff's asserted claim against David Witter would be subject to dismissal for the same reason(s) that this Court is summarily dismissing his pending claims, the Court concludes that the proposed amendment of his complaint would be futile. Therefore, the Court is denying his motion for leave to amend the complaint.